## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHERRY LYNN HERRON,

       Plaintiff,

v.                                                     Case No. 15-11825
                                                       Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## and
## DISMISSING ACTION

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation. **[Doc. No. 19, filed May 20, 2015]** Plaintiff filed timely objections to the Report and Recommendation, and the Commissioner filed a response to the objections. **[Doc. Nos. 21 and 22]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial eidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Sec'y of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

The Court now turns to Plaintiff's objections to the Magistrate Judge's conclusion that the Administrative Law Judge ("ALJ") properly evaluated the medical opinions in the record, especially treating physician Dr. Predetenau's opinion.  Plaintiff first contests the Magistrate Judge's finding that the ALJ could base his conclusions, in part, on Plaintiff's ability "to engage in a wide variety of daily activities," including "caring for her personal needs, performing light housekeeping chores, attend church, use a computer, and attend AA meetings." Although Plaintiff argues that those activities are occasional, are not strenuous and do not correspond to having the capacity to work, an ALJ may consider Plaintiff's daily activities when evaluating her claim. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.927(c)(3)(i); *Blacha v. Sec'y of HHS*, 927 F.2d 228, 231 (6th Cir. 1990) ("As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain.").  And, based on the ALJ's decision, it is clear that

Plaintiff's daily activities were only a factor in determining that Dr. Predetenau's opinion was entitled only to moderate weight rather than controlling weight.   The Court also agrees with the Magistrate Judge and the ALJ that Dr. Predetenau's opinion that Plaintiff needed to rest for 20 minutes per hour was inconsistent with his treatment notes, including his August 2012 recommendation that Plaintiff increase her physical activity.

Plaintiff next argues that the fact that she engaged in part-time work (about 10 hours per week) did not justify relying on a non-examining physician's assessment because it was not "substantial gainful activity."  Plaintiff does not cite any authority to support the proposition that an ALJ cannot consider non-substantial gainful activity when determining whether she can engage in substantial gainful activity.  Courts have held that the ALJ can consider work activity, even if it is not substantial gainful activity. *See, e.g., Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988) ("Any work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity"); *Tate v. Comm'r of Soc. Sec.*, 2014 WL 4536929, at *22 (E.D. Mich. Sept. 11, 2014) (an ALJ can consider work activity that is not substantial gainful activity).

Plaintiff contends that the Magistrate Judge erroneously concluded that it was permissible for the ALJ to rely on the opinions of a non-treating physician, Dr. Gupta.  As discussed above, if the treating physician's opinion is not supported by

3

the record, an ALJ may give weight, even more weight, to a consulting physician. *See, e.g., Dyer v. SSA*, 568, F. App'x 422, 428 (6th Cir. 2014). *See also* SSR 96-6p, 1996 WL 374180, at *3); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 279-80 (6th Cir. 2014); *Preston v. Comm'r of Soc. Sec.*, 2013 WL 3944419, at *6 (E.D. Mich. July 31, 2013) ("Opinions from nonexamining sources can be afforded greater weight than treating and examining sources.").

For all of the reasons set forth above, and because the ALJ provided good reasons for his conclusion of non-disability, the Court is not persuaded that Plaintiff's objection has merit and overrules Plaintiff's objections. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge R. Steven Whalen **[Doc. No. 20, filed July 6, 2016]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 21, filed July 20, 2016]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 17, filed November 20, 2015]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 18, filed December 2, 2015]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**


                              s/Denise Page Hood
                              Denise Page Hood
                              Chief Judge, United States District Court


Dated:  August 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2016, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager